T.C. Summary Opinion 2006-77


UNITED STATES TAX COURT


BRYANT M. HARTFIELD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7439-05S.                    Filed May 11, 2006.


Bryant M. Hartfield, pro se.

<u>James R. Rich</u>, for respondent.


WELLS, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  All section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's 2003 Federal income tax of $2,995.  The issues to be decided are whether petitioner is entitled to a dependency exemption deduction, whether petitioner is entitled to head-of-household filing status, and whether petitioner is entitled to an earned income credit of $2,547.

## Background

Some of the facts are stipulated and are so found.  The stipulation of facts and the accompanying exhibits are incorporated herein by reference.

At the time of filing the petition, petitioner resided in Columbia, South Carolina.  Petitioner timely filed a 2003 Federal income tax return, reporting an adjusted gross income of $12,287.  Petitioner reported S.L.B.[1] as his daughter and claimed her as a dependent.  Additionally, petitioner filed as a head of household and claimed an earned income credit of $2,547.

S.L.B. is the minor child of Ernestine Bethel, who at all relevant times resided in Columbia, South Carolina.[2]  Ernestine Bethel and petitioner were not married during 2003.  However, S.L.B. resided with petitioner during the entire 2003 year at the request of Ernestine Bethel, who was unable to care for the child

---

[1]S.L.B. is a minor child to whom the Court refers by her initials.

[2]At trial, petitioner testified that S.L.B. was 10 years old during 2003, and respondent does not contest her age.

because of illness.  Consequently, during 2003, petitioner paid the full costs of supporting S.L.B., including the costs of housing, clothing, food, personal hygiene, transportation, and school supplies.[3]

## Discussion

Petitioner contends that he and Ernestine Bethel entered into a common law marriage before 2003 and, consequently, that S.L.B. was his stepchild during 2003.  Accordingly, petitioner contends that he is entitled to a dependency exemption, head-of-household filing status, and an earned income tax credit.[4]

We first address the alleged common law marriage of Ernestine Bethel and petitioner.[5]  South Carolina recognizes the common law marriage of two parties who contract to be married. Callen v. Callen, 620 S.E.2d 59, 62 (S.C. 2005).  Such an agreement may be inferred from the facts and circumstances.  Id. In Callen, the South Carolina Supreme Court stated that the "fact finder is to look for mutual assent:  the intent of each party to be married to the other and a mutual understanding of each

---

[3]Although S.L.B. remained on the health plan of Ernestine Bethel, S.L.B. does not appear to have incurred any health-related expenses during 2003.

[4]We decide the instant case on the record without regard to the burden of proof and sec. 7491.

[5]Petitioner does not contend and has offered no evidence that he is S.L.B.'s biological father, her adoptive father, her stepfather, or her foster parent.

party's intent."  Id.  Petitioner testified that Ernestine Bethel and he cohabitated for 9 years before 2003.  However, petitioner has offered no evidence that Ernestine Bethel intended to be married to him during that time.  On the contrary, in a written statement dated August 12, 2004, Ernestine Bethel referred to petitioner as her "ex-fiancee" rather than as her former spouse.  Consequently, we are unable to conclude from the record that the requisite mutual assent existed for the creation of a common law marriage between Ernestine Bethel and petitioner.  Accordingly, we find that no common law marriage existed and, consequently, that S.L.B. was not petitioner's stepchild during 2003.  We now turn to the claimed dependency exemption deduction, head-of-household filing status, and earned income credit.

Dependency Exemption Deduction

Section 151(c) allows a taxpayer to deduct an annual exemption amount for each dependent of the taxpayer.  Section 152(a) defines "dependent" as follows:[6]

[6]We note that the Working Families Tax Relief Act of 2004, Pub. L. 108-311, sec. 201, 118 Stat. 1169, amended sec. 152, effective for tax years beginning after Dec. 31, 2004.

SEC. 152(a). General Definition.--For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer):

* * * * * * *

(9) An individual * * * who, for the taxable year of the taxpayer, has as his principal place of abode the home of the taxpayer and is a member of the taxpayer's household.

Consequently, an individual may qualify as a "dependent" pursuant to section 152(a)(9) without being related to the taxpayer. Sec. 1.152-1(b), Income Tax Regs.

The record demonstrates that S.L.B.'s principal place of abode during 2003 was petitioner's residence and that she was a member of petitioner's household. Moreover, petitioner has demonstrated that he paid the following amounts in support of S.L.B. in 2003:

| | |
|---|---:|
| Rent and utilities[1] | $8,400 |
| Clothing | 1,100 |
| Food | 720 |
| Personal hygiene | 360 |
| Transportation | 600 |
| School supplies | 100 |
| Allowance | 600 |

[1]The $8,400 cost of rent and utilities is not apportioned between petitioner and S.L.B.

We are satisfied that the aforementioned expenses represent the total expenditures in support of S.L.B. during 2003. For the

foregoing reasons, we hold that petitioner is entitled to a dependency exemption deduction for the 2003 tax year pursuant to section 152(a)(9).

Head-of-Household Filing Status

Section 1(b) provides a special tax rate for an individual filing as a head of household.  As relevant herein, section 2(b)(1) defines "head of household" as an unmarried individual who maintains as his home a household that for more than one-half of the year constitutes the principal place of abode of a dependent of the taxpayer.  However, section 2(b)(3)(B) provides that a taxpayer is not considered to be a head of household by reason of an individual who would not be a dependent for the taxable year but for section 152(a)(9) (relating to persons not related to the taxpayer).[7]

Because petitioner is not related to S.L.B., we conclude that she would not be a dependent of petitioner but for section 152(a)(9).  Consequently, pursuant to section 2(b)(3)(B), we hold that petitioner is not entitled to head-of-household filing status.

Earned Income Credit

Section 32(a) provides an earned income tax credit to eligible individuals.  Section 32(b) prescribes different

---

[7]The Working Families Tax Relief Act of 2004, sec. 202(b)(2), 118 Stat. 1175, amended sec. 2(b)(3)(B)(i), effective for tax years beginning after Dec. 31, 2004.

percentages and amounts to be used in computing the earned income credit according to whether the eligible individual has no qualifying children, one qualifying child, or two or more qualifying children.

Section 32(c)(1)(A)(i) provides that a taxpayer qualifies as an eligible individual if the taxpayer has a qualifying child for the tax year.[8]  Section 32(c)(3) defines "qualifying child" as an individual who bears a relationship to the taxpayer prescribed by section 32(c)(3)(B) (the relationship test), who meets the age requirements of section 32(c)(3)(C) (the age test), and who shares the same principal place of abode as the taxpayer for more than one-half of the taxable year as prescribed by section 32(c)(3)(A)(ii) (the residency test).[9]  The record demonstrates that S.L.B. satisfies the residency test and the age test. However, because she bears no relationship to petitioner, she fails to meet the relationship test of section 32(c)(3)(B)(i) and is not a qualified child of petitioner for purposes of the earned income credit.

Section 32(c)(1)(A)(ii) provides that a taxpayer with no qualifying children may qualify as an eligible individual if the

---

[8]The Working Families Tax Relief Act of 2004, sec. 205(b)(1), 118 Stat. 1176, amended sec. 32(c)(1), effective for tax years beginning after Dec. 31, 2004.

[9]The Working Families Tax Relief Act of 2004, sec. 205(a), 118 Stat. 1176, amended sec. 32(c)(3), effective for tax years beginning after Dec. 31, 2004.

taxpayer has a principal place of abode in the United States for more than one-half of the tax year, is between the ages of 25 and 65 before the close of the tax year, and is not a dependent for whom a deduction is allowable.  However, with respect to the 2003 tax year, a taxpayer may be eligible under this subsection only if the taxpayer's adjusted gross income was less than $11,230. Rev. Proc. 2002-70, sec. 3.06, 2002-2 C.B. 845, 847.  In the instant case, petitioner's adjusted gross income was $12,287. Consequently, petitioner does not qualify as an eligible individual pursuant to section 32(c)(1)(A)(ii).

Because petitioner is not an eligible individual under either section 32(c)(1)(A)(i) or (ii), we hold that petitioner is not entitled to an earned income tax credit in 2003.

In summary, we hold that petitioner is entitled to a dependency exemption deduction with respect to S.L.B., that petitioner is not entitled to head-of-household filing status, and that petitioner is not entitled to an earned income credit.

To reflect the foregoing,

Decision will be entered under Rule 155.